UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TONY ELIAS NAZZAL,

             Plaintiff,

   v.

SCOTT BESSENT,

             Defendant.

Case No. C26-1151-KKE

ORDER TO SHOW CAUSE RE:
APPLICATION TO PROCEED *IN
FORMA PAUPERIS*

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 4.) In the application, he states that he has been unemployed since November 2020, is not married, and has received an "unknown" amount of income from "business, profession, or other self-employment" over the past twelve months. (*Id.* at 1.) He reports no cash on hand, a checking account balance of $0.14, and no savings. (*Id.* at 2.) He identifies monthly expenses of "consumables, gas, etc." totaling $300-$400, but provides no further detail. (*Id.*) Plaintiff further asserts that he "cannot attain possession of $1 without divestiture of constitutional rights." (*Id.*) Although his name appears at the end of the application, he has crossed out the preprinted language and added, "I do not agree to these terms; signing under coercion." (*Id.*)

ORDER TO SHOW CAUSE RE: APPLICATION
TO PROCEED IN FORMA PAUPERIS - 1

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff's application omits information needed for the Court to determine his ability to pay court fees and costs. First, he provides no explanation for his monthly expenses or how he affords them. The lack of information prevents the Court from determining his eligibility to proceed IFP. Second, the application is not properly executed. Given these circumstances, Plaintiff should not be permitted to proceed IFP.

Accordingly, Plaintiff is ORDERED to show cause by **May 11, 2026**, why the Court should not recommend his IFP application be denied. Alternatively, Plaintiff may submit an amended IFP application by that date. The Clerk is directed to renote Plaintiff's IFP application (dkt. # 4) for **May 11, 2026**, and to send copies of this order to Plaintiff and to the Honorable Kymberly K. Evanson.

Dated this 14th day of April, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE RE: APPLICATION
TO PROCEED IN FORMA PAUPERIS - 2