UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TONY ELIAS NAZZAL,

                    Plaintiff(s),

        v.

SCOTT BESSENT,

                    Defendant(s).

CASE NO. C26-1151-KKE

ORDER ADOPTING IN PART REPORT
AND RECOMMENDATION

## I.     BACKGROUND

This matter is before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge. Dkt. No. 7. On April 1, proceeding *pro se*, Plaintiff Tony Elias Nazzal filed a proposed complaint under 42 U.S.C. § 1985(3) against Scott Bessent "in his official capacity as United States Secretary of the Treasury." Dkt. No. 1. On April 6, 2026, the Clerk's office sent Nazzal a notice of a filing deficiencies, explaining that he must either pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 3. The Clerk explained that failure to correct the deficiencies could result in dismissal of the action. *Id.* One week later, Nazzal filed a motion for leave to proceed IFP. Dkt. No. 4. In his IFP application, Nazzal indicated that he spends approximately "$300-400" each month on "consumables, gas, etc." but that he receives $0 in income, has $0 in cash, and $0.14 between his checking and savings accounts. *Id.* at 1–2. He further stated that he "cannot

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 1

attain possession of $1 without divestiture of constitutional rights." *Id.* at 2.  Seemingly taking issue with this district's IFP form application language, Nazzal crossed out both the text indicating that the form was completed truthfully under penalty of perjury and consent for payment of costs under the local rules.  *Id.*  He replaced that text with his own declarations which read: "I do not agree to these terms; signing under coercion."  *Id.*  Nazzal signed his name below those declarations.

On April 13, 2026, Judge Peterson issued an order to show cause no later than May 11, 2026 why the Court should not recommend Nazzal's IFP application be denied.  She noted that his application, as written, "omits information needed for the Court to determine his ability to pay court fees and costs" because he "provides no explanation for his monthly expenses or how he affords them."  Dkt. No. 5 at 2.  Judge Peterson also found the IFP application was "not properly executed" owing to Nazzal's crossing out the pre-printed language.  *Id.*  Judge Peterson permitted Nazzal to alternatively submit an amended IFP application correcting the identified deficiencies. *Id.*

Nazzal did not submit an amended IFP application.  Instead, Nazzal argued that asking him to attest to the truthfulness of his application under penalty of perjury amounted to "unconstitutional" coercion.  Dkt. No. 6 at 3.  He additionally took issue with Judge Peterson's "concerns about [his] 'unknown' income."  *Id.*

On May 27, 2026, Judge Peterson issued her R&R, finding that Nazzal's response did not cure the deficiencies she previously identified.  Dkt. No. 7.  Judge Peterson again explained that "[w]ithout a properly completed and executed affidavit, this Court cannot determine whether Plaintiff satisfies the statutory requirements for IFP status."  *Id.* at 2.  Judge Peterson therefore recommended denying Nazzal's IFP application and directing him to pay the filing fee within 30 days, or risk dismissal.  *Id.*

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 2

Nazzal subsequently filed objections. Dkt. No. 8. Nazzal asserts that he is not required to provide any explanation regarding his monthly expenses given his assertion that he receives $0 in income each month. *Id.* at 2. He does not contest Judge Peterson's finding regarding the proper execution of the form, but more generally argues that he should be granted "leave to amend" his IFP application. *Id.* at 4.

## II.    ANALYSIS

### A.    Nazzal's IFP Application is Denied Without Prejudice to Refiling.

28 U.S.C. § 1915 governs IFP proceedings and provides that "any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets[.]" That affidavit must shows "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). "The granting or refusing of [IFP status] is within the discretion of the District Court." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). Under the local rules of this district, IFP applications must be submitted using the district's designated form. Local Rules W.D. Wash. LCR 3(c). The local rules also require that IFP plaintiffs consent to payment of costs from any recovery obtained in the action. *Id.*

Here, Nazzal failed to properly execute the IFP form. Thus, the Court will adopt Judge Peterson's recommendation to deny Nazzal's IFP application. Dkt. No. 4. Given Nazzal's *pro se* status, the Court will afford Nazzal one additional opportunity to submit an amended IFP form which addresses the deficiencies that Judge Peterson identified. Dkt. No. 5. If Nazzal fails to comply with this order, this case will be dismissed under Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b) (the Court has discretion to dismiss a case "[i]f the plaintiff fails to prosecute or comply with [the federal] rules or a court order.").

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 3

## III.  CONCLUSION

Having reviewed the R&R of the Honorable Michelle L. Peterson, United States Magistrate Judge, along with Nazzal's objections and the remaining record, the Court ORDERS as follows:

(1) The Court ADOPTS the Report and Recommendation's findings, but will permit Plaintiff one final opportunity to amend his IFP application as set forth below;

(2) Plaintiff's application to proceed IFP is DENIED.  Plaintiff is directed to either pay the filing fee or submit an amended IFP application that corrects the deficiencies previously identified by Judge Peterson (Dkt. No. 5) by July 15, 2026.  If Plaintiff fails to do so, the Clerk is directed to close the case.

(3) The Clerk is directed to send copies of this Order to the Plaintiff and to Judge Peterson.

Dated this 1st day of July, 2026.

_____
Kymberly K. Evanson
United States District Judge

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 4